FELICE JOHN VITI, Acting United States Attorney (#7007)
JACOB J. STRAIN, Assistant United States Attorney (#12680)
SACHIKO JEPSON, Special Assistant United States Attorney (#17077)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF Kansas
(Kansas City Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MONTRESSA CUNNINGHAM,<br>also known as "Monty Millions,"<br><br>Defendant. | Case No. 25-20043-BP<br><br>MOTION FOR PROTECTIVE ORDER |

The Indictment in this case alleges the offenses of Obstruction of Justice, Contempt, and Making An Anonymous Interstate Harassing Telephone Call, all while the defendant was on pretrial release. During the course of the underlying investigation, the United States obtained personally identifiable information, including the identities of family members of federal District Court Judge Toby Crouse. These records are sensitive, may implicate the rights of third-party victims, and if disclosed may compromise the safety of these individuals.

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2. This Order pertains to all discovery provided to and/or made available to defense counsel as part of discovery in this case (hereafter, collectively known as "the discovery").

3. The discovery in this matter contains sensitive personal identifying information.

4. The parties request a protective order with regard to the discovery in this matter because the sensitive material requires special protection, and its further disclosure could result in safety concerns for Judge Crouse's family members.

5. The United States shall redact all names of Judge Crouse's family members from discovery and shall not disclose these names to defense counsel without further order from the Court.

6. Defense counsel shall not disclose any of the discovery and/or information to any person and/or entity other than the defendant, and/or witnesses that defense counsel may be interviewing and/or preparing for trial and/or attorneys, law clerks, paralegals, secretaries, experts, consultants and/or investigators involved in the representation of defense counsel's defendant/client in this case.

7. Defense counsel may show the defendant, including via screensharing, the discovery and/or information, but shall not permit the defendant to retain a copy of the discovery and/or information, or review it outside of defense counsel's presence.

8. The discovery and/or information therein may only be used in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States Government. Defense counsel will return the discovery to the Government or certify that it has been shredded and/or deleted at the conclusion of the case, except that defense counsel may keep one copy for his/her own files, subject to the security restrictions stated in this document.

9. In the event the defense seeks utilization of the discovery material in any court filing, at trial or in another hearing in this matter, defense shall confer with the Government to ensure that any sensitive data is redacted from the discovery prior to its use. Any filings shall be filed in

compliance with Rule 49.1 of the Federal Rules of Criminal Procedure and the Electronic Filing Policies and procedures of the United States District Court for the District of Kansas.

10. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this Order.

11. If defense counsel makes, or causes to be made, any further copies of any of the discovery, defense counsel will inscribe the following notation on each copy: "U.S. Government Property; May Not be Used Without U.S. Government Permission".

12. If defense counsel releases custody of any of the discovery and/or information, and/or authorized copies thereof, to any person and/or entity described in paragraph 6, defense counsel shall provide such recipients with copies of this Order and advise that person that the discovery is the property of the United States Government, that the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the discovery may constitute a violation of law and/or contempt of court.

13. Defense counsel shall be responsible for advising the defendant, employees and other members of the defense team and defense witnesses of the contents of this Order.

//

//

//

//

//

14. In the event that the defendant substitutes counsel, defense counsel shall withhold discovery from new counsel unless and until substituted counsel agrees also to be bound by this Order.

        FELICE JOHN VITI
        ACTING UNITED STATES ATTORNEY

        */s Jacob J. Strain*
        JACOB J. STRAIN
        Special Attorney
        Acting Under Authority Conferred by 28 U.S.C. § 515
        Attorneys for the United States of America
        111 South Main Street, Ste. 1800
        Salt Lake City, Utah 84111
        Telephone: (801) 524-5682
        Email: Jacob.Strain@usdoj.gov
        Phone: (801) 325-3285
        Utah Bar Number: 12680