IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-cr-20043-BP-JAM |
| | ) | |
| MONTRESSA CUNNINGHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## REPORT & RECOMMENDATION TO DENY
## DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Cunningham's Motion to Dismiss.   Defendant moves the Court to dismiss the Indictment against him in its entirety pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) on grounds that the Indictment fails to state an offense.   For the following reasons, Defendant's motion should be denied.

## I.    BACKGROUND

On June 4, 2025, a three-count Indictment was returned in the District of Kansas against Defendant Cunningham.   (Doc. 1)   Defendant Cunninham is charged with one count of obstruction of justice, in violation of 18 U.S.C. §§ 1503 and 2; one count of contempt, in violation of 18 U.S.C. § 401(3); and one count of making or causing to be made an anonymous interstate harassing telephone call, in violation of 47 U.S.C. § 223(a)(1)(C).   On August 1, 2024, Defendant filed the instant motion to dismiss.   (Doc. 16)   The Government filed suggestions in opposition on August 14, 2025.   (Doc. 19)   Defendant then replied.   (Doc. 21).   Upon Defendant's request, the Court held oral argument on September 9, 2025.   Following oral argument, the parties filed Stipulated Undisputed Facts ("Facts").   (Doc. 25)

## II.    LEGAL STANDARD

"An indictment is sufficient if its sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense."    *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)).    *See also United States v. Doe*, 572 F.3d 1162, 1173-74 (10th Cir. 2009) (quoting *United States v. Redcorn*, 528 F.3d 727, 733 (10th Cir. 2008)) ("[W]here the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges."); Fed. R. Crim. P. 7(c)(1).    Challenges to an indictment should be resolved based on a four-corner review, taking the allegations contained therein as true.    *Todd*, 446 F.3d at 1067; *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994).

Notwithstanding this general rule, Federal Rule of Criminal Procedure 12(b)(3)(B)(v) provides that a defendant can move to dismiss an indictment for failure to state an offense. "[P]retrial dismissals based on 'facts outside the indictment and bearing on the general issue' of guilt are uncommon."    *United States v. Chavez*, 29 F.4th 1223, 1226 (10th Cir. 2022) (quoting *United States v. Pope*, 613 F.3d 1255, 1260 (10th Cir. 2010)).    Dismissal may be granted, however, "in the 'limited circumstances' where '[1] the operative facts are undisputed and [2] the government fails to object to the district court's consideration of those undisputed facts,' and [3] the district court can determine from them that, '*as a matter of law*, the government is incapable of proving its case beyond a reasonable doubt.'"    *Id*. (quoting *Pope*, 613 F.3d at 1260 (alterations

2

and emphasis in original)).    As a result, "dismissal is appropriate 'only when and because undisputed evidence shows that . . . the [d]efendant could not have committed the offense for which he was indicted.'"    *Chavez*, 29 F.4th at 1226 (quoting *Pope*, 613 F.3d at 1621) (internal quotation marks omitted).    The Tenth Circuit has emphasized that dismissals under this rational are the "rare exception," explaining that "Rule 12 is not a parallel to civil summary judgment procedures."    *Pope*, 613 F.3d at 1261.    Similarly, courts "may entertain motions that require it to answer only pure questions of law."    *Id*. at 1260.

### III.    STIPUTLATED FACTS

Soley for purposes of resolving the Motion to Dismiss, the parties stipulated to the following facts.    (Doc. 25, at ¶ 16)    Despite entering into this stipulation, the Government continues to object to the Court's consideration of facts outside the four-corners of the Indictment. (Doc. 25, at ¶ 17)

1.    The Honorable Toby Crouse is a United States District Court Judge for the District of Kansas.

2.    Montressa Cunningham was charged in an indictment with various felony criminal offenses by a grand jury sitting in the District of Kansas in case number 5:21cr40105; found guilty by a jury; and sentenced by Judge Crouse to federal prison ("the criminal case").

3.    On January 20, 2022, the Honorable Magistrate Judge Linda T. Walker in the Northern District of Georgia issued an Order setting conditions of release for Mr. Cunningham in the criminal case. A signature appears on the Order above the line "Signature of Defendant."

4.    On February 3, 2022, the Honorable Magistrate Judge Angel D. Mitchell in the District of Kansas adopted the conditions of release previously issued by Honorable Magistrate Judge Linda T. Walker for Mr. Cunningham in the criminal case. One of the conditions was that the "defendant shall not commit any offense in violation of federal, state or local law while on

release in this case."

5.      The sentencing hearing in the criminal case was held on April 23, 2024.

6.      At the sentencing hearing, Judge Crouse ordered Mr. Cunningham to serve 46 months in prison.

7.      At the sentencing hearing, Judge Crouse said that "[r]elative to voluntary surrender, I note that Mr. Cunningham has been on bond and has complied with the conditions of release and he is currently on location monitoring." He then said: "I'm going to continue to allow Mr. Cunningham the opportunity to be -- to voluntarily surrender pending designation by the Bureau of Prisons."

8.      The district court issued its judgment in the criminal case on April 24, 2024.

9.      Mr. Cunningham's counsel filed a notice of appeal in the criminal case on April 25, 2024 at 9:03 a.m. central time.

10.     On April 25, 2024, at approximately 1:49 p.m. central time, a phone call allegedly came into the reporting center of the Kansas Department for Children and Families ("DCF").

11.     The phone call was allegedly made by Mr. Cunningham's minor daughter to impersonate Judge Crouse's daughter, and make a false report of sexual and physical abuse against Judge Crouse to DCF ("the phone call").

12.     The phone call was not made to Judge Crouse. Neither Judge Crouse nor his daughter spoke with the caller.

13.     Hours later, Judge Crouse learned about the phone call when Kansas Division of Family Services went to his home to investigate.

14.     All abuse allegations against Judge Crouse were investigated by Kansas DCF and determined to be completely false.

15.     S.38 (2025), Preserving Safe Communities by Ending Swatting Act of 2025, proposed criminalizing the providing of "false or misleading information . . . where such information may reasonably be expected to cause an emergency response."

## IV.    DISCUSSION

Defendant moves to dismiss the Indictment, arguing that the allegations contained in Counts 1, 2 and 3 are insufficient to establish a violation of the charged offenses.    The Government contends that the Indictment sufficiently sets forth the statutory elements and objects to consideration of outside facts.    (Docs. 19, 25)    As more fully set forth below, the Court finds that the Indictment is sufficient to withstand dismissal.

### A.    FACIAL VALIDITY

Defendant's motion does not expressly argue that the Indictment is facially insufficient. However, given the legal standard and Defendant's reference to a facial challenge during oral argument (Doc. 26, at pp. 55-56), the Court will perform a four-corners review.

The Indictment charging Defendant in this case alleges, in relevant part:

.        .        .

### COUNT 1
### *18 U.S.C. §§ 1503 and 2*
### *(Obstruction of Justice)*

4.    In and around April 2024, in the District of Kansas and elsewhere, the defendant,

### MONTRESSA CUNNINGHAM,
### a/k/a "Monty Millions"

did knowingly and corruptly (1) and by threats and communication; endeavor to influence, intimidate, and impede an officer in and of a court of the United States, and (2) injure and attempt to injure such officer in his person and property on account of the performance of his official duties, and (3) and by threats and communication; influence, obstruct, and impede and endeavor to influence, obstruct, and impede the due administration of justice in *U.S. v. Cunningham, et al.*, Case Number 5:21cr40105, in the U.S. District Court for the District of Kansas by causing defendant CUNNINGHAM's minor daughter to impersonate Person 1, a minor and an immediate family member of Judge Crouse, and make a false report of sexual and physical abuse against Judge Crouse to Kansas DCF.

All in violation of 18 U.S.C. §§ 1503 and 2.

### COUNT 2
*18 U.S.C. § 401(3)*

5.      On December 8, 2021, defendant CUNNINGHAM was federally charged and subsequently placed on pretrial release.

6.      On January 20, 2022, the Honorable Magistrate Judge Linda T. Walker in the Northern District of Georgia issued an Order Setting Conditions of Release for defendant CUNNINGHAM in *U.S. v. Cunningham, et al.*, Case Number 5:21cr40105 (the "Court Order").

7.      On February 3, 2022, the Court Order was adopted by the Honorable Magistrate Judge Angel D. Mitchell in the District of Kansas.   One of the specific conditions in the Court Order was "The defendant shall not commit any offense in violation of federal, state or local law while on release in this case."

8.      In and around April 2024, in the District of Kansas and elsewhere, the defendant,

**MONTRESSA CUNNINGHAM,**
**a/k/a "Monty Millions"**

did willfully and knowingly disobey and resist one or more lawful orders, decrees, and commands of the Honorable Magistrate Judge Angel D. Mitchell in the District of Kansas of which he had actual knowledge, namely, the adopted January 20, 2022 Order Setting Conditions of Release, in Case Number 5:21cr40105.   Specifically, defendant CUNNINGHAM caused his minor daughter to impersonate Person 1 and make a false report of sexual and physical abuse against Judge Crouse to Kansas DCF, thereby violating Kansas Criminal Code 21-5904 (Interference with Law Enforcement).

All in violation of 18 U.S.C. § 401(3).

### COUNT 3
*47 U.S.C. § 223(a)(1)(C)*
*(Anonymous Interstate Harassing Telephone Call)*

9.      In and around April 2024, in the District of Kansas and elsewhere, the defendant,

**MONTRESSA CUNNINGHAM,**
**a/k/a "Monty Millions"**

in interstate and foreign communications, made and caused to be made a telephone call and utilized a telecommunications device without disclosing his identity and with the intent to abuse, threaten, and harass Judge Crouse and Person 1.

6

All in violation of 47 U.S.C. §§ 223(a)(1)(C) and 18 U.S.C. § 2.

.    .    .

All three counts are facially sufficient to withstand dismissal.

To be sure, Count 1 of the Indictment tracks the statutory language of 18 U.S.C. § 1503. It additionally identifies the judicial proceeding by caption and case number, the timeframe, and describes the nature of the alleged obstructive conduct.    (Doc. 1, ¶ 4)    Count 1 thus provides Defendant fair notice of the charge against which he must defend and enables him to assert a double jeopardy defense.

The contempt charge likewise specifies the charging statute and identifies the way in which Defendant is alleged to have violated it.    Count 2 alleges that Defendant willfully and knowingly disobeyed United States Magistrate Judge Angel D. Mitchell's February 3, 2022, order in case number 5:21cr40105, adopting the conditions of release set for Defendant in the arresting district. (Doc. 1, ¶¶ 6-8)    Count 2 identifies the specific condition alleged to have been violated (i.e., prohibition on committing a new law violation), that Defendant had knowledge of the order, the conduct which is alleged to have violated his conditions of release, and the associated timeframe. (Doc. 1, ¶¶ 7, 8)    These allegations are sufficient to provide Defendant fair notice of the charge against which he must defend and would enable him to assert a double jeopardy defense.

Review of the third count produces the same conclusion.    Count 3 tracks the statutory language of 47 U.S.C. § 223(a)(1)(C), alleging that Defendant, in interstate and foreign communications, made and caused to be made a telephone call without disclosing his identity and with the intent to abuse, threaten and harass.    (Doc. 1, ¶ 9)    It identifies Judge Crouse as the

7

"specific person" and the timeframe within which the call was made.   (Doc. 1, ¶ 9)   Count 3 thus puts Defendant on fair notice of the charge against him and allows him to assert a double jeopardy defense.

As a result, it is recommended that a facial challenge to the sufficiency of the Indictment be denied.

## B.    SUBSTANTIVE REVIEW

The Court now turns to Defendant's Rule 12(b)(3)(B)(v) challenge to the Indictment. Because the Government objects to consideration of facts outside the Indictment, the Court is compelled, pursuant to *United States v. Chavez*, 29 F.4th 1223, 1226 (10th Cir. 2022), to deny Defendant's motion because it cannot be determined as a matter of law that the Government is incapable of proving its case based on the facts in the Indictment alone.   However, were the *Chavez* exception found to apply, the following analysis is provided.

### 1.    COUNT 1 – OBSTRUCTION OF JUSTICE

As set forth above, Count One charges Defendant with obstruction of justice.   In order to find a defendant guilty of this charge, the alleged conduct must be, *inter alia*, committed in the context of a pending judicial proceeding.   *United States v. Aguilar*, 515 U.S. 593, 600 (1995); *United States v. Sorensen*, 801 F.3d 1217, 1232 (10th Cir. 2015); *United States v. Erickson*, 561 F.3d 1150, 1159 (10th Cir. 2009).

Defendant argues Count 1 must be dismissed because there was not a pending judicial proceeding.   Specifically, Defendant contends that because a judgment was issued and a notice of appeal had been filed in the underlying criminal case, *United States v. Cunningham*, Case No.

5:21cr40105, the District of Kansas lost "any and all control of the case" before the phone call to DCF was made.    (*See* Facts 8-10)    The Stipulated Undisputed Facts indicate Defendant was sentenced on April 23, 2024, and the Court issued its judgment the following day.    (Facts 5, 8)    Defendant's counsel filed a notice of appeal on April 25, 2024 at 9:03 a.m. central time.    (Fact 9)    The alleged phone call came into the reporting center of the Kansas DCF on April 25, 2024, at approximately 1:49 p.m.    (Fact 10)

While the filing of a notice of appeal generally confers jurisdiction on the court of appeals, doing so only "divests the district court of its control over those aspects of the case involved in the appeal."    *United States v. Griffith*, 928 F.3d 855, 876 (10th Cir. 2019) (quoting *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011)).    *See also United States v. Bergman*, 550 Fed. Appx. 651, 654 (10th Cir. 2013) ("The filing of a proper notice of appeal has the effect of transferring jurisdiction from the district court to the court of appeals 'with respect to any matters involved in the appeal.'") (citation omitted); *United States v. Meyers*, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996) (release pending appeal); *United States v. Hess*, No. 20-cr-00098-CMA-GPG, 2023 WL 5309821 at *1 (D. Colo. Aug. 11, 2023) (providing examples of "collateral matters" over which the district court retains jurisdiction following an appeal).    The Court thus cannot determine as a matter of law that the Government is incapable of proving Count 1.[1]    It is recommended Defendant's motion to dismiss be denied on this ground.

---

[1] In addition to requiring a pending judicial proceeding, *Aguilar* endorsed a "nexus" requirement – "that the act must have a relationship in time, causation, or logic with the judicial proceedings."    515 U.S. at 599.    *See also Erickson*, 561 F.3d at 1159.    With respect to Defendant's additional argument that *Aguilar's* nexus requirement is not satisfied, the Court cannot make such a determination as a matter of law.    The Court notes the Indictment alleges Defendant violated § 1503 in three different ways, including that Defendant knowingly and corruptly injured and attempted to injure Judge Crouse on account of the performance of his official duties.    (Doc. 1, ¶ 4)

9

2.    **COUNT 2 – CONTEMPT**

Defendant next moves for dismissal of Count 2, arguing that he cannot be held in contempt for allegedly violating an invalid order, specifically United States Magistrate Judge Angel Mitchell's adoption of the conditions of release set for Defendant by the Northern District of Georgia.   Defendant does not dispute United States Magistrate Judge Angel D. Mitchell's status as a "judicial officer"[2] for purposes of entering the order, but instead maintains that Judge Mitchell's pretrial conditions of release did not remain binding after Defendant had been sentenced, ordered to self-surrender, and filed a notice of appeal.   The Government argues that the order setting conditions of release remained valid and enforceable.

In support of its argument for dismissal, Defendant relies on *United States v. Blechman*, No. 10-40095-01/02-SAC, 2011 WL 2473735 (D. Kan. June 22, 2011).   The Court's reading of *Blechman* suggests that the pretrial release order there was found invalid post-sentencing because the issuing magistrate judge was not a "judicial officer" – a fact that Defendant does not dispute here.   Specifically, *Blechman* reads:

> [The Magistrate Judge] was not a "judicial officer under § 3141(b) with the authority to issue an order of release or detention following [Defendant's] sentencing here.   *It necessarily follows that the magistrate judge's order of pretrial release on conditions could not be the order having power or effect over the defendant's release on or about June 15, 2010, as charged in count two.* Because that order was no longer in effect, its violation as alleged in count two cannot sustain a charge of contempt."

2011 WL 2473735 at *12 (emphasis added).   The Court respectfully disagrees and finds that, in the instant case, Magistrate Judge Mitchell's order adopting conditions of release set by the

---

[2]Defendant's Reply confirms that he does not dispute magistrate judges are "judicial officers."   (Doc. 21, at p. 6)

Northern District of Georgia, remained in effect at the time of the alleged violation.

The Court's reasoning is two-fold.    First, it is consistent with the statutory scheme governing release and detention, 18 U.S.C. § 3141, *et seq.*, as well as the federal statute providing magistrate judge authority, 28 U.S.C. § 636, and the Rules of Practice of the United States District Court for the District of Kansas regarding the same, D. Kan. Rule 72.1.1.    Title 18 United States Code Section 3141 allows a "judicial officer of a court of original jurisdiction over an offense" to order an individual be released or detained both pending trial and pending sentence or appeal. Magistrate Judge Mitchell is without dispute a judicial official.    Her February 3, 2022, order adopting Defendant's conditions of release set in the Northern District of Georgia was consistent with statutory authority and her power as a magistrate judge.    *See* 28 U.S.C. § 636; D. Kan. Rule 72.1.1.    At Defendant's sentencing hearing, Judge Crouse allowed Defendant to self-surrender and continued Defendant on the same conditions.    (Fact 7)    Such action is not prohibited.    *See* 18 U.S.C. § 3143(b).    In doing so, Judge Crouse expressly referenced Defendant's history of compliance with his conditions of release, noting location monitoring, and stated he was "going to continue" Defendant on release.    (Fact 7)

Secondly, the terms of Defendant's conditions of release contain language stating that the order did not expire upon sentencing.    The Northern District of Georgia's order, adopted by Judge Mitchell, stated that it was "a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated."[3]    It also contained a

---

[3]The Stipulated Facts do not contain this particular condition of release.    (*See* Doc. 25)    However, the Government relied on this information in support of its argument against dismissal both in its suggestions in opposition (Doc. 19) and during oral argument (Doc. 26, at p. 46).    The Court takes judicial notice of the existence of this language in Defendant's conditions of release for purposes of the instant motion.    The Government's objection to the same (Doc.

condition requiring Defendant to surrender for service of any sentence imposed. The Court accordingly finds it has not been established as a matter of law that the Government is incapable of proving Count 2, and recommends denial of Defendant's motion to dismiss on this ground.

### 3.    COUNT 3 – HARRASSING PHONE CALL

Finally, Defendant argues that Count 3 must be dismissed because 47 U.S.C. § 223(a)(1)(C) does not criminalize "swatting" and Congress has not yet enacted a swatting statute. (*See* Fact 15)   He also argues for dismissal on grounds that § 223(a)(1)(C) is unconstitutionally vague, both facially and as applied, because it fails to draw reasonably clear lines between lawful and unlawful conduct.[4]

At the outset, the Court notes that "swatting" and a harassing phone call under § 223(a)(1)(C) are not necessarily mutually exclusive.   The proper focus is on Defendant's alleged conduct, not any label that it may be given.   The Court is not persuaded by Defendant's reliance on *United States v. Carlin Communications, Inc.*, 815 F.2d 1367, 1372 (10th Cir. 1987), for this reason and also because *Carlin* addressed different subsections of § 223.

Turning to Defendant's constitutional challenge, "[v]agueness may invalidate a criminal law for either of two independent reasons."   *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999). "First, it may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement."   *Id*.   A party "may challenge the constitutionality of a statute by asserting a facial

---

26, at p. 33) is overruled.  *See United States v. Pursley*, 577 F.3d 1204, 1214 n.6 (10th Cir. 2009); Fed. R. Evid. 201.
[4]Defendant withdraws his arguments based on *United States v. Carlin Commc'ns, Inc.*, 815 F.2d 1367 (10th Cir. 1987), that the call must be to "unconsenting individuals."   (Doc. 21, at p. 11 n.4)

challenge, an as-applied challenge, or both." *United States v. Carel*, 668 F.3d 1211, 1217 (10th Cir. 2011). "A facial challenge is . . . an assertion that the challenged statute violates the Constitution in all, or virtually all, of its applications." *Id.* (quoting *United States v. Pruitt*, 502 F.3d 1154, 1171 (10th Cir. 2007)). "In contrast, '[a]n as-applied challenge concedes that the statute may be constitutional in many of its applications, but contends that it is not so under the *particular circumstances* of the case.'" *Id.* (quoting *Pruitt*, 502 F.3d at 1171) (emphasis in original).

Courts examining the operative language from prior versions of § 223(a)(1)(C) have not found it to be facially vague. *See United States v. Eckhardt*, 466 F.3d 938, 944 (11th Cir. 2006) (holding § 223(a)(1)(C) provided adequate notice of unlawful conduct); *United States v. Bowker*, 372 F.3d 365, 381 (6th Cir. 2004) (holding § 223(a)(1)(C) was not void for vagueness), *vacated on other grounds*, 543 U.S. 1182 (2005). *See also United States v. Juncaj*, No. 2:22-cr-00008-JCM-EJY, 2023 WL 1447354 at *13 (D. Nev. Jan. 31, 2023) (finding, *inter alia*, "harass" to be a word of "common understanding"). In *Bowker*, the Sixth Circuit reasoned the meaning of "harass" and "intimidate" "can be ascertained fairly by reference to judicial decisions, common law, dictionaries, and the words themselves because they possess a common and generally accepted meaning." 372 F.3d at 381 (citation omitted). The Court agrees with this reasoning and finds § 223(a)(1)(C) is not facially vague. Defendant's argument that § 223(a)(1)(C) is vague as applied is premature, as such determination is better made based on the facts at trial. *See United States v. Reed*, 114 F.3d 1067, 1070 (10th Cir. 1997); *United States v. Murphy*, 977 F.2d 503, 506 (10th Cir. 1992), *abrogated on other grounds*, 114 S. Ct. 1747 (1994); *United States v.*

13

*Gonzalez-Peralta*, 743 F. Supp. 3d 1293, 1296-97 (D. Kan. 2024).

## V.    CONCLUSION

Based on the above, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's Motion to Dismiss.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this Report and Recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE
